288 So.2d 302 (1974)
SEABOARD COAST LINE RAILROAD COMPANY and Robert J. Schmidt, Appellants,
v.
Art A. MAGNUSON, Appellee.
No. 72-876.
District Court of Appeal of Florida, Fourth District.
January 8, 1974.
Rehearing Denied February 8, 1974.
*303 Frederick J. Ward and William H. Davis, of Giles, Hedrick & Robinson, Orlando, for appellants.
T.G. LaGrone and Hartselle Baker, of LaGrone & Baker, Orlando, for appellee.
OWEN, Chief Judge.
Appellee sustained serious personal injury when the automobile in which he was a passenger was involved in a grade crossing collision with appellants' train. Appellee's suit, tried before a jury, culminated in a judgment in his favor.
Appellants' first three points are concerned with the affirmative defense of assumption of the risk. This defense requires actual knowledge and appreciation of the danger, and thereafter, with a reasonable opportunity to avoid it, a voluntary and deliberate exposure to such danger. Cleveland v. City of Miami, Fla. 1972, 263 So.2d 573; Bartholf v. Baker, Fla. 1954, 71 So.2d 480; Dana v. Bursey, Fla.App. 1964, 169 So.2d 845. The answer to the complaint did not adequately allege these essentials and thus, the court did not err in refusing to amend the pretrial order so as to include such defense as one of the issues to be tried (Point I). It necessarily follows that the court did not err in refusing appellants' requested instructions on this issue (Points II and III).
Appellants' remaining two points (Points IV and V) both demonstrate error. After an examination of the entire case, we are satisfied such error was harmless. F.S. Section 59.041, F.S.A. Point IV is concerned with an evidentiary ruling. On rebuttal, plaintiff was permitted to place into evidence as substantive proof of the matter therein asserted, an extrajudicial written statement of a non-party witness. Such written statement was hearsay and the defendants' objection on that ground should have been sustained. We conclude that this was harmless error because the content of the hearsay statement was (1) neither relevant nor material to any issue in the case, and (2) adequately explained and clarified by other testimony of the same witness offered by defendants on surrebuttal. Appellants' Point V complains of the trial court's denial without a hearing of their post-trial motion for directed verdict or for new trial. Although the court can grant a new trial upon its own motion (for which no hearing is required), nonetheless, when one of the parties to an adversary proceeding files a timely motion for new trial under Rule 1.530, RCP, 31 F.S.A. due process requires a hearing thereon after notice to all parties. Cf., Mayflower Inv. Co. v. Brill, 1939, 137 Fla. 287, 188 So. 205; State Dept. of Transportation v. Plunske, Fla.App. 1972, 267 So.2d 337; Polland v. Visual Graphics Corp., Fla.App. 1970, 240 So.2d 835; Prunty v. State, Fla. App. 1969, 226 So.2d 448. We conclude that the error was harmless in view of the fact that the motion contained no matters *304 which had not been argued previously to the court during the course of the trial.
Affirmed.
CROSS and MAGER, JJ., concur.