342 So.2d 537 (1977)
Richard Charles ALBERGER et al., Appellants,
v.
Ida Gene HARVISON, Appellees.
No. 76-29.
District Court of Appeal of Florida, Third District.
February 8, 1977.
Rehearing Denied March 9, 1977.
*538 Walton, Lantaff, Schroeder, Carson & Wahl, Miami, and Michael B. Davis, West Palm Beach, and David K. Tharp, Kneale & Starkweather, Miami, Bernard H. Butts, Jr., Hialeah, for appellants.
Horton, Perse & Ginsberg, Brumer, Moss, Cohen & Rodgers, Miami, for appellees.
Before HENDRY, C.J., PEARSON, J. and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Chief Judge.
This is an appeal from a final judgment rendered pursuant to a jury verdict in a personal injury negligence action.
On February 2, 1972, appellee, plaintiff below, was seriously injured when the automobile in which she was driving collided with a truck driven by appellant-Alberger, defendant below. The cause proceeded to trial whereupon, at its conclusion, the jury returned a verdict for appellee and against all appellants in the sum of $165,000. Timely post trial motions for judgment in accordance with motion for directed verdict; for set off; for new trial; to limit judgment of appellant-Hartford Accident & Indemnity Company; and to interview jurors were filed by appellants. Said post-trial motions were denied by the trial court without hearing, except for the motion to limit judgment, which was granted.
On November 5, 1975, a final judgment was entered in favor of appellee pursuant to the jury verdict. Subsequently, on December 8, 1975, a post trial "order granting motion to limit judgment" of appellant-Hartford in accordance with its policy limits was entered. Appellants appeal from both orders.
Appellants raise many points on appeal, the following of which deserve discussion.
At the beginning of the proceedings, the trial judge, with the consent of both parties, permitted the jurors to ask questions of the witnesses. At the close of the evidence, appellee's counsel voiced his objection as to one of the jurors on the grounds that from the nature and manner of that juror's questions and comments, it was apparent that said juror had shown bias and a lack of objectivity. Over strenuous objection by appellants' counsel, an alternate juror was substituted.
Appellants contend that the trial judge's action amounted to reversible error in that no inquiry was made of the juror, before his dismissal, as to whether his comments in fact amounted to a prematurely expressed, prejudicial opinion.
Notwithstanding the failure to inquire, we note that at the outset of the trial, the judge read to the jury Florida Standard Jury Instruction 1.1, which in part provides that:
"You should give careful attention to the testimony and evidence as it is received and presented for your consideration, but you should not form or express any opinion about the case until you have retired to the jury room to consider your verdict after having heard all of the evidence, the closing arguments of the attorneys and the charge of the court.
"During the trial, you must not discuss the case among yourselves or with anyone else, nor permit anyone to discuss it in your presence ..." [Emphasis added.]
In light of the above instruction, and pursuant to the procedure set forth in Rule 1.431(e), Fla.R.Civ.P., relating to the empaneling *539 of alternate jurors, the trial judge was of the opinion that the comments and questions made by the juror were no longer objective and unbiased. In that the trial judge held a superior advantage over this court in determining the full force and effect of said juror's questions and comments, we cannot say that the failure to question said juror concerning his expressed views amounted to error.
Even assuming error was committed, appellants have failed to mention where said error prejudiced their cause. Considering the fact that the empanelled alternate juror had been chosen pursuant to the above quoted rule, had been present throughout the entire proceedings and had heard all of the testimony presented, we are of the opinion that any error was harmless in nature, not warranting reversal. Section 59.041, Florida Statutes (1975).
Appellants next claim as error the trial court's denial of their post trial motions without a hearing. By way of thorough examination, we find no such mandatory language in Rule 1.530, Fla.R.Civ.P. Nevertheless, in Seaboard Coast Line Railroad Co. v. Magnuson, 288 So.2d 302 (Fla.4th DCA 1974), our sister court held that due process requires a hearing on a post trial motion for new trial after proper notice to all parties. The court, however, concluded that:
"The error [in denying a hearing on said post trial motions] was harmless in view of the fact that the motion contained no matters which had not been argued previously to the court during the course of the trial."
Without commenting upon the correctness of the due process argument set forth in Seaboard Coast Line Railroad Co., supra, we are of the opinion, after examining the contents of the aforementioned motions, that no new matter was raised in said motions that had not already been argued before the trial judge. Therefore, even assuming the validity of the above quoted case, error, if any, was harmless.
The remaining point we shall discuss concerns an alleged error of the trial judge in allowing appellee to introduce testimony of appellee's late husband's income to prove her damages. Appellants contend that said testimony was irrelevant to the issue of damages in that the husband had died one year prior to the accident at issue, under completely unrelated circumstances.
Appellee, on the other hand, argues that said testimony was elicited to establish appellee's "need and capacity to earn money in the future" and was thus, relevant to the damage question.
While we are far from convinced as to the relevancy of said testimony, there is no question that appellee did suffer serious, permanent and continuing injuries. If the admission of the testimony was in effect error, appellants have failed to meet their burden in pointing out clearly, definitely and fully the prejudicial nature of said error. Strate v. Strate, 328 So.2d 29 (Fla.3d DCA 1976). There was ample proper evidence regarding appellee's injuries to support the verdict, rendering the admission of said testimony harmless error. Brevard County v. Apel, 246 So.2d 134 (Fla.4th DCA 1971).
The other points raised by appellants have been examined and are deemed to be without merit.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited and discussed, the judgment appealed is affirmed.
Affirmed.
PEARSON, J., dissents.