SANDERLIN, Judge.
Appellant J.R. Fenton, Inc. appeals a final judgment which denied it a claim of lien against appellees Gallery 600, Inc., d/b/a Frame Factory (Frame Factory) and, its owners, the Barneburgs. Appellant also appeals an amended final judgment which deleted the Barneburgs and held Frame Factory solely liable for the judgment debt. We reverse.
Lee Barneburg and J.R. Fenton negotiated a contract for the paving and resurfacing of the Frame Factory parking lot. The written quotation named Frame Factory as the “job name.” After the job was completed, the Barneburgs expressed dissatisfaction with and refused payment for the work done by appellant.
On July 23, 1984, appellant filed a claim of lien against the property. The statutory claim of lien form used by appellant contained a space to “[djescribe real property sufficiently for identification, including street and number, if known.” This space was left blank on the form which appellant filed. However, it is apparent from the form that the contract giving rise to the claim of lien was with Frame Factory, “600 E. Bay Drive, Largo, Florida,” and that the property was owned by “Lee and Georgia Barneburg, 600 E. Bay Dr., Largo, Fla....” On August 10, 1984, appellant filed an amended claim of lien which added the legal description of the property in the space provided on the form.
Appellant filed an initial complaint against appellees to enforce the July 23 claim of lien. The case proceeded to trial under a fourth amended complaint which stated the following alternative causes of action: (1) enforcement of the July 23 claim of lien; (2) enforcement of the August 10 amended claim of lien; (3) to impress and foreclose an equitable lien on the property; and (4) breach of contract. Appellees answered, alleging that: (1) the July 23 claim of lien was invalid because it did not con *588 tain a legal description of the property; (2) the August 10 amended claim of lien was invalid because it was not filed in accordance with section 713.08, Florida Statutes (1983); (3) appellant was not entitled to an equitable lien; and (4) appellant had breached the contract by not performing in a workmanlike manner and not using appropriate and satisfactory materials.
At trial, Lee Barneburg testified that he had received the initial claim of lien and knew that it was for the Frame Factory parking lot job.
After considering the evidence, the trial court entered its initial final judgment which found that appellant had performed the contract fully and in a workmanlike manner, but denied appellant entitlement to a claim of lien under either the initial or amended claim. The trial court awarded appellant the full contract price, plus interest and costs, and provided that the Barne-burgs and Frame Factory were jointly and severally liable for the award.
Thereafter, appellees’ attorney filed a motion for rehearing which requested an amended final judgment finding only Frame Factory liable for the judgment. The attorney also sent a letter to the trial judge with a proposed amended final judgment incorporating the relief sought in the motion for rehearing. On June 3,1985, the trial court, without a hearing, entered an amended final judgment which contained the same findings in the original final judgment, but deleted the Barneburgs and ordered Frame Factory liable for the judgment.
By letter dated June 6, 1985, appellant’s attorney advised the trial court of his objection to the granting of the motion for rehearing and entry of the amended final judgment without affording the parties a hearing. The letter requested the amended final judgment be set aside and a hearing held.
On June 30, 1985, appellant filed its notice of appeal.
Appellant first claims the trial court erred in denying its July 23 claim of lien. We agree.
The claim of lien form filed by appellant substantially complied with the form contained in section 713.08(3), Florida Statutes (1983). The space provided for a description of the property, however, was left blank. Nonetheless, the name and address of the property appeared elsewhere on the form. Further, Barneburg testified that he had received the claim and knew that it was for the Frame Factory job. Section 713.08(4)(a) provides: “The omission of any of the ... details or errors in such claim of lien shall not, within the discretion of the trial court, prevent the enforcement of such lien as against one who has not been adversely affected by such omission or error.” (Emphasis added.) Because Barneburg was not adversely affected by the omission of the property description and, indeed, he knew why and for which property the claim was made, we hold it was error for the trial court to deny appellant entitlement to the July 23 claim of lien. See Mid-State Contractors, Inc. v. Halo Development Corp., 342 So.2d 1078 (Fla. 2d DCA 1977); Adobe Brick and Supply Co. v. Centex-Winston Corp., 270 So.2d 755 (Fla. 3d DCA 1972).
Because of our holding on appellant’s first point on appeal, we need not address appellant’s second and third points regarding entitlement to the August 10 amended claim of lien and the equitable lien.
Finally, appellant claims the trial court erred in granting appellees’ motion for rehearing and entering the amended final judgment without a hearing. We also agree with this point.
While Florida Rule of Civil Procedure 1.530(a) does not specifically require a hearing on a motion for rehearing, we believe that due process requires a hearing on such a motion before a trial court can grant the motion and amend a final judgment. Cf. Carnell v. Carnell, 398 So.2d 503 (Fla. 5th DCA) review denied, 407 So.2d 1102 (Fla.1981) (no provision in Rule 1.530(a) *589 prohibiting the denial of such a motion without a hearing where motion contains only matters previously asserted during course of trial), and Seaboard Coast Line Railroad Co. v. Magnuson, 288 So.2d 302 (Fla. 4th DCA), cert. denied, 297 So.2d 30 (Fla.1974) (although due process required a hearing on a Rule 1.530(a) motion for rehearing, harmless error to deny such a motion without a hearing where motion contained only matters previously argued during course of trial). Unlike the Carnell and Magnuson cases, the trial court here granted the motion and amended the final judgment to delete one of the parties. Under the facts of this case, we cannot hold such error harmless.
Therefore, we reverse both the final judgment and amended final judgment, and remand to the trial court for further proceedings consistent herewith.
RYDER, C.J., and FRANK, J., concur.