SCHEB, Judge.
West Florida Community Builders, a builder-vendor of house and lot packages, appeals a summary judgment finding it liable for sudden cracking defects in a three-year-old house it sold to the Mitchells. West argues that at the time summary judgment was granted, there existed genuine issues of material fact. We agree.
The Mitchells purchased a house and lot from West in 1982. In 1987, they filed suit against West alleging breach of contract, negligence, and breach of implied warranty. The thrust of the Mitchells’ complaint was that about three years after the purchase of their home, serious cracks appeared. While their complaint alleges *980 breach of contract, negligence, and breach of implied warranty, the argument before the trial court and here focuses on the implied warranty allegation.
The summary judgment was granted before West had filed its answer and affirmative defenses. While it was permissible for the Mitchells to move for summary judgment at that time, their burden to show the absence of any genuine issue of material fact was extremely high. At this stage it was incumbent upon them to establish that no answer that West could properly serve or affirmative defense it might raise could present such an issue. Settecasi v. Board of Public Instruction of Pinellas County, 156 So.2d 652 (Fla. 2d DCA 1963). The Mitchells failed to carry that burden.
At the hearing on the Mitchells’ motion, they presented affidavits, depositions, and letters of experts, including HUD, who suggested that the cracking had been caused by poor fill rather than by natural settlement of the earth. West countered by submitting an affidavit of its president that West did not supply any structural fill to the Mitchells’ lot. We believe the affidavits and depositions create a genuine issue of material fact not only as to whether West supplied fill but whether or not the quality of the land required fill. This court held in Hesson v. Walmsley Construction Co., 422 So.2d 943, 945 (Fla. 2d DCA 1982), that it is the responsibility of the builder to examine the stability of the site and determine the appropriate kind of foundation to install. Failure to do so will be a breach of the builder-vendor’s implied warranty of habitability.
As we explained in Hesson, “the implied warranty extends only to conditions in existence at the time of sale, as it would be unfair to hold a builder-vendor liable for defects caused by conditions occurring subsequent to sale, e.g., natural catastrophes, such as earth tremors and sink holes.” Id. at 945. In her deposition West’s president testified that her company’s investigation revealed that one of the possible causes of the cracking was the natural settling of the subsurface soils. Therefore, West has a potential defense in claiming that the cracking was the result of post-building fluctuations in the subsurface conditions of the Mitchells’ lot.
While it is true that no one, including West’s president, suggests that the Mitch-ells caused the damage, that does not rule out the possibility that West was not at fault. Therefore, the Mitchells have not negated conclusively West’s possible defenses and were thus not entitled to summary judgment as to West’s liability.
Accordingly, we vacate the summary judgment and remand to the trial court for further proceedings.
CAMPBELL, C.J., and THREADGILL, J., concur.