874 So.2d 680 (2004)
WM SPECIALTY MORTGAGE, LLC, Appellant,
v.
Alan F. SALOMON and Frances Salomon, et al., Appellees.
No. 4D03-3318.
District Court of Appeal of Florida, Fourth District.
May 26, 2004.
Mark Broderick of Echevarria & Associates, P.A., Tampa, for appellant.
Gary Barcus, Pembroke Pines, for appellees Alan and Frances Salomon.
STEVENSON, J.
In the instant case, WM Specialty Mortgage, LLC, (WM Specialty) appeals a final order dismissing its mortgage foreclosure action with prejudice and an order vacating default. We affirm the order vacating default, but reverse the order of dismissal.
On December 3, 2002, WM Specialty filed a mortgage foreclosure complaint *681 against the borrower/appellee, Alan F. Salomon. Salomon failed to respond to the complaint and a default was entered. He subsequently hired an attorney, however, who moved to vacate the default. In addition, Salomon filed a motion to dismiss, along with affidavits. Salomon challenged the complaint as not complying with Florida Rule of Civil Procedure 1.130(a) in that it attached a mortgage in favor of Fremont Investment and Loan (Fremont), but no assignment of mortgage showing that WM Specialty was in privity with Fremont. In his affidavit, Salomon stated that he did not execute a mortgage with WM Specialty. In response, WM Specialty filed an assignment of mortgage.
The assignment reflected that the mortgage was transferred to WM Specialty by Fremont on November 25, 2002; however, the jurat indicated that the assignment was not executed until January 3, 2003. Following a hearing, the trial court entered an order vacating the default against Salomon, finding that
[T]he present plaintiff, WM Specialty Mortgage, LLC, did not own and hold the note when it filed its foreclosure lawsuit on December 3, 2002; did not own and hold the note when it served Alan Salomon and Frances Salomon on December 17, 2002; and only on January 3, 2003, at the earliest did the plaintiff acquire the mortgage note by assignment, long after the lawsuit was filed and after these named defendants were served. The complaint is therefore void ab initio.

In a subsequent order entitled "Final Order," the court denied a motion to compel discovery as moot, stating
The July 23, 2003 Order Vacating Defaults found that plaintiff's complaint was void ab initio since the assignment of mortgage was executed after the complaint was filed. The effect of this finding was to dismiss the complaint as of July 23, 2003. Plaintiff may file refile [sic] a separate [sic] action as the July 23, 2003 Order did not provide for amending the complaint.
WM Specialty filed a timely notice of appeal.
Procedurally, the instant case presents itself to this court in a somewhat awkward posture. Instead of challenging WM Specialty's interest in a motion to dismiss, Salomon did so in his motion to vacate the default. In disposing of that motion, the court granted the motion, but went further than vacating the default and found that the complaint was "void ab initio." Subsequently, in denying a motion to compel discovery as moot, the trial court indicated that the effect of the earlier order vacating the default was to dismiss the complaint as of the date of that order. Because the trial court clearly intended that the two orders finally dispose of the case, this court has jurisdiction.[1]
In vacating the default against Salomon and essentially dismissing the cause for lack of standing, the trial court relied upon Jeff-Ray Corp. v. Jacobson, 566 So.2d 885, 886 (Fla. 4th DCA 1990). In that case, the defendant sought to dismiss a foreclosure complaint on the ground that it failed to state a cause of action. The trial court denied the motion to dismiss. This court reversed because the complaint for foreclosure, which had been filed on January 4, 1988, had alleged an assignment of mortgage dated in 1986, but the assignment was not attached to the complaint. When the assignment was produced, it was dated *682 April 18, 1988, some four months after the lawsuit was filed. Id.
The court in Jeff-Ray held that the trial court erred in not dismissing the complaint for failure to state a cause of action because it relied upon an assignment which was not in existence at the time the complaint was filed. The court cited rule 1.130, which requires a plaintiff to attach to the complaint all documents upon which the action is based. Id.
In Jeff-Ray, there was no mention in the opinion as to whether, although the assignment was executed after the complaint was filed, equitable transfer of the mortgage occurred prior. This situation was addressed in Johns v. Gillian, 134 Fla. 575, 184 So. 140, 143 (1938). In Johns, a homeowner purchased building materials from a lumber company in 1923 and gave, in exchange for the debt, the promissory note and mortgage on her home. Id. at 141. The homeowner thereafter died. In 1927, the lumber company fell on hard times and received an advance of money from Gillian. In exchange, the company delivered to Gillian a number of securities, among which was the homeowner's note and mortgage. No assignment of the mortgage was executed. Id.
In 1937, Gillian began foreclosure proceedings in the name of the company against the homeowner's surviving husband and heirs. After suit was initiated, the company executed an assignment purporting to assign the note and mortgage to Gillian and Gillian was substituted as the plaintiff. Id. The assignment was found to have been defectively executed because the corporate seal was not used; the court nevertheless held that equitable interest in the property had passed to Gillian, based on the following reasoning:
However, it has frequently been held that a mortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt. If the note or other debt secured by a mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt, unless there be some plain and clear agreement to the contrary, if that be the intention of the parties.

....
Although the assignment of the mortgage from Everglade Lumber Company to Gillian was defectively executed, it may be taken as evidence to show that the company had, before the commencement of the suit, sold and transferred to Gillian its entire interest in the note and mortgage. A mere delivery of a note and mortgage, with intention to pass the title, upon a proper consideration, will vest the equitable interest in the person to whom it is so delivered.

....
Any form of assignment of a mortgage, which transfers the real and beneficial interest in the securities unconditionally to the assignee, will entitle him to maintain an action for foreclosure. Or if there had been no written assignment, Gillian would be entitled to foreclose in equity upon proof of his purchase of the debt.
Id. at 143-44 (citations omitted).
The analysis applied in Johns is applicable to this case; therefore, the dismissal was error. Here, the assignment indicates that on November 25, 2002, Fremont physically transferred the mortgage to WM Specialty, even though the assignment was not actually executed until January 3, 2003. At a minimum, as WM Specialty suggests, the court should have upheld the complaint because it stated a cause of action, but considered the issue of WM Specialty's *683 interest on a motion for summary judgment. An evidentiary hearing would have been the appropriate forum to resolve the conflict which was apparent on the face of the assignment, i.e., whether WM Specialty acquired interest in the mortgage prior to the filing of the complaint.
Accordingly, we reverse the order of dismissal and remand for further proceedings. Appellant has failed to demonstrate error with respect to the order vacating default.
AFFIRMED in part, REVERSED in part, and REMANDED.
GUNTHER and TAYLOR, JJ., concur.
NOTES
[1] In the order on the motion to compel, the trial court indicated that WM Specialty could refile a separate action since the order vacating default and dismissing the complaint did not provide the opportunity for WM Specialty to amend the complaint.