TAYLOR, J.
Appellant, the defendant below in this automobile accident case, contends that the trial court erred in denying his motion for new trial. The motion asserted that the verdict was against the manifest weight of the evidence. We find no error in the trial court’s denial of the motion for new trial. However, we write to address appellant’s argument that the court erred in denying the motion for new trial without holding a hearing.
In arguing that the trial court was required to hold a “live” hearing on his motion for new trial, appellant relies on Seaboard Coast Line Railroad Co. v. Magnuson, 288 So.2d 302 (Fla. 4th DCA 1974). In Magnuson, wherein the trial court had denied the motion for new trial, we held that when a party to an adversary proceeding files a motion for new trial under rule 1.530, Florida Rules of Civil Procedure, due process requires a hearing thereon after notice to all parties. Rule 1.530 provides no guidance, however, as to whether the due process requirement of an “opportunity to be heard” can only be fulfilled by a “live” hearing prior to denial or grant of a motion for new trial. We provided no reasoning for our ruling in Magnuson and no support can be found in the rule itself. Nevertheless, we concluded that the error in failing to hold a hearing in Magnuson was harmless because the motion contained no new matters which had not been argued previously to the court during the course of the trial.
Appellant argues that his motion for new trial in this case did contain matters which had not been previously argued to the court, namely, his assertion that the verdict was against the manifest weight of the evidence. Thus, he argues, due process required the trial court to hold a hearing on his motion for new trial. We disagree and recede from Magnuson to the extent that it requires a hearing before the court can deny a motion for new trial.
Several of our sister district courts of appeal have addressed rule 1.530’s omission of a hearing requirement. The Second District Court of Appeal .held that, although rule 1.530 contains no requirement for a live hearing, due process requires such a proceeding before a trial court can grant a motion for rehearing. J.R. Fenton, Inc. v. Gallery 600, Inc., 488 So.2d 587, 588 (Fla. 2d DCA 1986); see also Carnell v. Carnell, 398 So.2d 503, 507 (Fla. 5th DCA 1981).
The third and fifth districts have also addressed this issue. In Alberger v. Harrison, 342 So.2d 537, 539 (Fla. 3d DCA 1977) the third district recognized our Magnuson holding that due process requires a hearing prior to a ruling on a post-trial motion for new trial. Although Alberger did not pass on the validity of Magnuson, it did apply the Magnuson limitation that, if there is no new evidence raised by the motion, then there is only harmless error, if any error at all, if no hearing is held. Id. The fifth district, in Camell, likewise recognized the rule established by Magnuson and its limiting provision with respect to harmless error. In Camell, the appellant argued that he was denied due process because he was not given a hearing on his motion for rehearing. 398 So.2d at 507.
*1108 As appellee argues, the trial court is entitled to assume that the party’s motion for new trial contains all relevant arguments such that an oral hearing is unnecessary before the court denies the motion. Further, if the court contemplates granting the motion for new trial, the court can satisfy due process by holding a hearing or giving the opposing party an opportunity to be heard through written responses.
We have considered the other issues raised by appellant, but find no error and affirm.

Affirmed.

STEVENSON, GUNTHER, STONE, WARNER, POLEN, FARMER, KLEIN, SHAHOOD, GROSS, HAZOURI and MAY, JJ., concur.