VILLANTI, Judge.
 

 BAC Funding Consortium Inc. IS-AOA/ATIMA (BAC) appeals the final summary judgment of foreclosure entered in favor of U.S. Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset Backed Certificates, Series 2006-CB5 (U.S. Bank). Because summary judgment was prematurely entered, we reverse and remand for further proceedings.
 

 On December 14, 2007, U.S. Bank filed an unverified mortgage foreclosure complaint naming the Jean-Jacqueses and BAC as defendants. The complaint included one count for foreclosure of the mortgage and a second count for reestablishment of a lost note. U.S. Bank attached a copy of the mortgage it sought to foreclose to the complaint; however, this document identified Fremont Investment and Loan as the “lender” and Mortgage Electronic Registrations Systems, Inc., as the “mortgagee.” U.S. Bank also attached an “Adjustable Rate Rider” to the complaint, which also identified Fremont as the “lender.”
 

 Rather than answering the complaint, BAC responded by filing a motion to dismiss based on U.S. Bank’s lack of standing. BAC argued that none of the attachments to the complaint showed that U.S. Bank actually held the note or mortgage, thus giving rise to a question as to whether U.S. Bank actually had standing to foreclose on the mortgage. BAC argued that the complaint should be dismissed based on this lack of standing.
 

 U.S. Bank filed a written response to BAC’s motion to dismiss. Attached as Exhibit A to this response was an “Assignment of Mortgage.” However, the space for the name of the assignee on this “assignment” was blank, and the “assignment” was neither signed nor notarized. Further, U.S. Bank did not attach or file any document that would authenticate this “assignment” or otherwise render it admissible into evidence.
 

 For reasons not apparent from the record, BAC did not set its motion to dismiss for hearing. Subsequently, U.S. Bank filed a motion for summary judgment. At the same time, U.S. Bank voluntarily dismissed its count for reestablishment of a lost note, and it filed the “Original Mortgage and Note” with the court. However, neither of these documents identified U.S. Bank as the holder of the note or mortgage in any manner. U.S. Bank did not file the original of the purported “assignment” or any other document to establish that it had standing to foreclose on the note or mortgage.
 

 Despite the lack of any admissible evidence that U.S. Bank validly held the note and mortgage, the trial court granted summary judgment of foreclosure in favor of U.S. Bank. BAC now appeals, contending that the summary judgment was improper because U.S. Bank never established its standing to foreclose.
 

 The summary judgment standard is well-established. “A movant is entitled to summary judgment ‘if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ”
 
 Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., Inc.,
 
 928 So.2d 1272, 1274 (Fla. 2d DCA 2006) (quoting Fla. R. Civ. P. 1.510(c)). When a plaintiff moves for sum
 
 *938
 
 mary judgment before the defendant has filed an answer, “the burden is upon the plaintiff to make it appear to a certainty that no answer which the defendant might properly serve could present a genuine issue of fact.”
 
 Settecasi v. Bd. of Pub. Instruction of Pinellas County,
 
 156 So.2d 652, 654 (Fla. 2d DCA 1963);
 
 see also W. Fla. Cmty. Builders, Inc. v. Mitchell,
 
 528 So.2d 979, 980 (Fla. 2d DCA 1988) (holding that when plaintiffs move for summary judgment before the defendant files an answer, “it [is] incumbent upon them to establish that no answer that [the defendant] could properly serve or affirmative defense it might raise” could present an issue of material fact);
 
 E.J. Assocs., Inc. v. John E. & Aliese Price Found., Inc.,
 
 515 So.2d 763, 764 (Fla. 2d DCA 1987) (holding that when a plaintiff moves for summary judgment before the defendant files an answer, “the plaintiff must conclusively show that the defendant cannot plead a genuine issue of material fact”). As these cases show, a plaintiff moving for summary judgment before an answer is filed must not only establish that no genuine issue of material fact is present in the record as it stands, but also that the defendant could not raise any genuine issues of material fact if the defendant were permitted to answer the complaint.
 

 In this case, U.S. Bank failed to meet this burden because the record before the trial court reflected a genuine issue of material fact as to U.S. Bank’s standing to foreclose the mortgage at issue. The proper party with standing to foreclose a note and/or mortgage is the holder of the note and mortgage or the holder’s representative.
 
 See Mortgage Elec. Registration Sys., Inc. v. Azize,
 
 965 So.2d 151, 153 (Fla. 2d DCA 2007);
 
 Troupe v. Redner,
 
 652 So.2d 394, 395-96 (Fla. 2d DCA 1995);
 
 see also Philogene v. ABN Amro Mortgage Group, Inc.,
 
 948 So.2d 45, 46 (Fla. 4th DCA 2006) (“[W]e conclude that ABN had standing to bring and maintain a mortgage foreclosure action since it demonstrated that it held the note and mortgage in question.”). While U.S. Bank alleged in its unverified complaint that it was the holder of the note and mortgage, the copy of the mortgage attached to the complaint lists “Fremont Investment
 
 &
 
 Loan” as the “lender” and “MERS” as the
 
 “mortgagee.”
 
 When exhibits are attached to a complaint, the contents of the exhibits control over the allegations of the complaint.
 
 See, e.g., Hunt Ridge at Tall Pines, Inc. v. Hall,
 
 766 So.2d 399, 401 (Fla. 2d DCA 2000) (“Where complaint allegations are contradicted by exhibits attached to the complaint, the plain meaning of the exhibits controls] and may be the basis for a motion to dismiss.”);
 
 Blue Supply Corp. v. Novos Electro Mech., Inc.,
 
 990 So.2d 1157, 1159 (Fla. 3d DCA 2008);
 
 Harry Pepper & Assocs., Inc. v. Lasseter,
 
 247 So.2d 736, 736-37 (Fla. 3d DCA 1971) (holding that when there is an inconsistency between the allegations of material fact in a complaint and attachments to the complaint, the differing allegations “have the effect of neutralizing each allegation as against the other, thus rendering the pleading objectionable”). Because the exhibit to U.S. Bank’s complaint conflicts with its allegations concerning standing and the exhibit does not show that U.S. Bank has standing to foreclose the mortgage, U.S. Bank did not establish its entitlement to foreclose the mortgage as a matter of law.
 

 Moreover, while U.S. Bank subsequently filed the original note, the note did not identify U.S. Bank as the lender or holder. U.S. Bank also did not attach an assignment or any other evidence to establish that it had purchased the note and mortgage. Further, it did not file any supporting affidavits or deposition testimony to establish that it owns and holds the note
 
 *939
 
 and mortgage. Accordingly, the documents before the trial court at the summary judgment hearing did not establish U.S. Bank’s standing to foreclose the note and mortgage, and thus, at this point, U.S. Bank was not entitled to summary judgment in its favor. •
 

 In this appeal, U.S. Bank contends that it was not required to file an assignment of the note or mortgage or otherwise prove that it validly held them in order to be entitled to summary judgment in its favor. We disagree for two reasons. First, because BAC had not yet answered the complaint, it was incumbent on U.S. Bank to establish that no answer that BAC could properly serve or affirmative defense that it might allege could raise an issue of material fact. Given the facial conflict between the allegations of the complaint and the contents of the exhibit to the complaint and other filings, U.S. Bank failed to meet this burden.
 

 Second, regardless of whether BAC answered the complaint, U.S. Bank was required to establish, through admissible evidence, that it held the note and mortgage and so had standing to foreclose the mortgage before it would be entitled to summary judgment in its favor. Whether U.S. Bank did so through evidence of a valid assignment, proof of purchase of the debt, or evidence of an effective transfer, it was nevertheless required to prove that it validly held the note and mortgage it sought to foreclose.
 
 See Booker v. Sarasota, Inc.,
 
 707 So.2d 886, 889 (Fla. 1st DCA 1998) (holding that the trial court, when considering a motion for summary judgment in an action on a promissory note, was not permitted to simply assume that the plaintiff was the holder of the note in the absence of record evidence of such). The incomplete, unsigned, and unauthenticated assignment attached as an exhibit to U.S. Bank’s response to BAC’s motion to dismiss did not constitute admissible evidence establishing U.S. Bank’s standing to foreclose the note and mortgage, and U.S. Bank submitted no other evidence to establish that it was the proper holder of the note and/or mortgage.
 

 Essentially, U.S. Bank’s argument in favor of affirmance rests on two assumptions: a) that a valid assignment or transfer of the note and mortgage exists, and b) that a valid defense to this action does not. However, summary judgment is appropriate only upon record proof — not assumptions. Given the vastly increased number of foreclosure filings in Florida’s courts over the past two years, which volume has taxed both litigants and the judicial system and increased the risk of paperwork errors, it is especially important that trial courts abide by the proper standards and apply the proper burdens of proof when considering a summary judgment motion in a foreclosure proceeding.
 

 Accordingly, because U.S. Bank failed to establish its status as legal owner and holder of the note and mortgage, the trial court acted prematurely in entering final summary judgment of foreclosure in favor of U.S. Bank. We therefore reverse the final summary judgment of foreclosure and remand for further proceedings.
 

 Reversed and remanded for further proceedings.
 

 ALTENBERND and SILBERMAN, JJ., Concur.