*933
 

 ON MOTION FOR REHEARING
 

 PER CURIAM.
 

 We grant appellee Aurora Loan Service, LLC’s motion for rehearing, withdraw our previous opinion of April 21, 2010, and replace it with the following.
 

 Aurora filed a mortgage foreclosure action against Jerry Riggs, Sr., alleging that it was the “owner and holder” of the underlying promissory note. With the complaint, Aurora filed copies of the mortgage and promissory note, which named Riggs as the mortgagor and First Mangus Financial Corporation as the mortgagee. Aurora asserted that the original note was in its possession.
 

 Aurora moved for summary judgment. In support of the motion, it filed two affidavits attesting that it owned and held the note and mortgage. At the hearing on the motion, Aurora produced the original mortgage and promissory note. The note had an indorsement in blank with the hand printed signature of Humberto Alday, an agent of the indorser, First Mangus. The circuit court granted summary judgment in favor of Aurora over Riggs’s objections that Aurora’s status as lawful “owner and holder” of the note was not conclusively established by the record evidence.
 

 We agree with the circuit court that Aurora sufficiently established that it was the holder of the note.
 

 Aurora’s possession of the original note, indorsed in blank, was sufficient under Florida’s Uniform Commercial Code to establish that it was the lawful holder of the note, entitled to enforce its terms. The note was a negotiable instrument subject to the provisions of Chapter 673, Florida Statutes (2008). An indorsement requires a “signature.” § 673.2041(1), Fla. Stat. (2008). As an agent of First Magnus, Alday’s hand printed signature was an effective signature under the Code.
 
 See
 
 §§ 673.4011(2)(b), 673.4021, Fla. Stat. (2008). The indorsement in this case was not a “special indorsement,” because it did not “identify] a person to whom” it made the note payable. § 673.2051(1), Fla. Stat. (2008). Because it was not a special in-dorsement, the indorsement was a “blank indorsement,” which made the note “payable to bearer” and allowed the note to be “negotiated by transfer of possession alone.” § 673.2051(2), Fla. Stat. (2008). The negotiation of the note by its transfer of possession with a blank indorsement made Aurora Loan the “holder” of the note entitled to enforce it. §§ 673.2011(1), 673.3011(1), Fla. Stat. (2008).
 

 There is no issue of authentication. The borrower did not contest that the note at issue was the one he executed in the underlying mortgage transaction. With respect to the authenticity of the indorsement, the note was self authenticating. Subsection 90.902(8), Florida Statutes (2008), provides that “[cjommercial papers and signatures thereon and documents relating to them [are self authenticating], to the extent provided in the Uniform Commercial Code.” Subsection 673.3081(1), Florida Statutes (2008), provides that “[i]n an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings.” Nothing in the pleadings placed the authenticity of Alday’s signature at issue.
 

 We distinguish
 
 BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques,
 
 28 So.3d 936 (Fla. 2d DCA 2010), on its facts. In that case, the second district reversed a summary judgment of foreclosure where the plaintiff seeking foreclosure filed no supporting affidavits and the original note did not identify the plaintiff as its holder.
 
 Id.
 
 at 938-39. The court explained its holding by pointing out that the plaintiff had failed to offer “evidence of a valid assignment, proof of pur
 
 *934
 
 chase of the debt, or evidence of an effective transfer.”
 
 Id.
 
 at 939. Unlike the plaintiff in
 
 BAC Funding,
 
 Aurora offered both affidavits and the original note with a blank endorsement that supported its claim that it was the proper holder of the note and mortgage.
 

 Affirmed.
 

 GROSS, C.J., and POLEN and STEVENSON, JJ., concur.