69 So.3d 300 (2011)
Jacqueline HARVEY, Appellant,
v.
DEUTSCHE BANK NATIONAL TRUST COMPANY, as Indenture Trustee for American Home Mortgage Investment Trust 2005-1, Mortgage-Backed Notes Series 2005-1, Appellee.
No. 4D10-674.
District Court of Appeal of Florida, Fourth District.
April 20, 2011.
Opinion Denying Rehearing June 29, 2011.
*301 Jacqueline Harvey, Palm City, pro se.
Katherine E. Giddings and Nancy M. Wallace of Akerman Senterfitt, Tallahassee, and William P. Heller of Akerman Senterfitt, Fort Lauderdale, for appellee.
PER CURIAM.
Affirmed. See Riggs v. Aurora Loan Servs., LLC, 36 So.3d 932 (Fla. 4th DCA 2010). As to denial of appellant's motion for reconsideration without holding a hearing thereon, see Aubourg v. Erazo, 922 So.2d 1106 (Fla. 4th DCA 2006).
GROSS, C.J., POLEN and DAMOORGIAN, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
We deny appellant's motion for rehearing but write to address the points argued by appellant, pro se, in her brief.
Deutsche Bank filed a two-count foreclosure complaint against Harvey on April 6, 2009: Count I (to reestablish the lost note); Count II (foreclosure). Deutsche alleged that on March 4, 2005, Harvey executed and delivered to American Home Mortgage Acceptance, Inc. (AHMAI), a promissory note in the principal amount of $228,000.00 and a purchase money mortgage, securing payment of the note. Deutsche attached to the complaint a "substantial" copy of the note and a copy of the mortgage, showing AHMAI as the lender and Mortgage Electronic Registration Systems, Inc. (MERS) as the nominal mortgagee. The copy of the note payable to AHMAI is indorsed in blank, and the indorsement is signed by Vaughn Johnson, assistant secretary, AHMAI. The complaint further alleged that Harvey is in default under the note held by Deutsche and that the payment due January 1, 2009, and all subsequent payments, have not been made. The transcript from the summary judgment hearing reveals that Harvey filed a pro se answer; however, Harvey's answer is not contained in the record on appeal.
*302 On September 17, 2009, Deutsche filed a motion for summary judgment, along with an affidavit of indebtedness. On September 30, 2009, Deutsche filed an affidavit of lost note. A hearing on Deutsche's motion for summary judgment was held on October 12, 2009. At the hearing, the judge determined that the lost note affidavit was not in the case file and declined to rule on the motion without first reviewing the lost note affidavit. Harvey argued that she had "reason to believe that the assignment is fraudulent, manufactured paperwork." The trial judge told Harvey that nothing would be done until the lost note affidavit was filed and in the court file.
On October 29, 2009, Deutsche filed a copy of the assignment of mortgage from MERS to Deutsche with an effective date of March 31, 2009, and a re-notice of hearing on the motion for summary judgment.[1] A hearing was held on January 11, 2010, and the judge found that the original note was now in the court file, indorsed in blank by AHMAI. The judge stated: "I have an affidavit of indebtedness, I have all the affidavits I need. I mean, there's nothing in this file that would legally stop what's happening.... And the law is that they're entitled to summary judgment." Harvey again argued that the assignment was fraudulent because Deutsche did not file the assignment until twenty days after it filed the foreclosure. The trial judge responded that there was no record evidence or sworn documentation which supported Harvey's contentions. A final foreclosure judgment was entered on January 14, 2010.
Harvey filed a motion for reconsideration on January 22, 2010, arguing that (1) Deutsche did not have standing to enforce the note because the assignment of mortgage was signed and recorded after the complaint was filed; and (2) the validity of Deutsche's assignment of mortgage contained questionable authorized signatures.[2] On January 22, 2010, Harvey noticed a hearing on her motion for reconsideration to be heard on February 8, 2010. The court denied the motion for reconsideration before the hearing, but Harvey did not cancel the hearing and attended the hearing on February 8, 2010. The judge, who had already denied the motion, stated:
Miss Harvey, a couple of things that I need to tell you. I didn't even receive this from you, but I was alerted to the fact that you had filed some type of motion for reconsideration, which if you go on my website, you see how that's handled. You don't automatically set it for hearing. You're not entitled to a *303 hearing unless I tell you you're entitled to a hearing, either a motion for consideration or a motion for rehearing. And if you go on the website and look at my policies, you'll see that that is the case.
I've already denied your motion, I did that in chambers. So there's nothing for us to do today. Okay?
Harvey then appealed to this court, arguing that the circuit court erred by (1) granting Deutsche's motion for summary judgment because a genuine issue of material fact existed as to Deutsche's standing to foreclose; and (2) denying Harvey's motion for reconsideration without first holding a hearing. Deutsche argued that, as holder of the original note, indorsed in blank, it had standing to enforce the note, and that the circuit court properly entered final summary judgment of foreclosure after reviewing the original note and other affidavits supporting its motion for summary judgment.

1. The Order Granting Deutsche's Motion for Summary Judgment

"The standard of review of an order granting summary judgment is de novo." Allenby & Assocs., Inc. v. Crown St. Vincent Ltd., 8 So.3d 1211, 1213 (Fla. 4th DCA 2009). When reviewing a ruling on summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party; the burden is upon the moving party to show conclusively the complete absence of any genuine issue of material fact. Id. The person entitled to enforce a negotiable instrument, such as a promissory note, is the "holder of the instrument." § 673.3011, Fla. Stat. (2009). A "holder" is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession...." § 671.201(21)(a), Fla. Stat. (2009). "Bearer" means "a person in possession of a negotiable instrument ... that is payable to bearer or indorsed in blank." § 671.201(5), Fla. Stat. (2009).
In Riggs v. Aurora Loan Services, LLC, 36 So.3d 932 (Fla. 4th DCA 2010), Aurora filed a mortgage foreclosure action against Riggs, alleging that it was the owner and holder of the underlying promissory note. Id. at 933. With the complaint, Aurora filed copies of the mortgage and promissory note, which named Riggs as the mortgagor and First Magnus Financial Corporation as the mortgagee. Id. Aurora moved for summary judgment, and in support, it filed two affidavits attesting that it owned and held the note and mortgage. Id. At the hearing on the motion, Aurora produced the original mortgage and promissory note. The note had an indorsement in blank with the hand printed signature of Humberto Alday, an agent of the indorser, First Magnus. Id. The circuit court granted summary judgment in favor of Aurora over Riggs's objections that Aurora's status as lawful owner and holder of the note was not conclusively established by record evidence. Id. This court agreed with the circuit court and held:
Aurora's possession of the original note, indorsed in blank, was sufficient under Florida's Uniform Commercial Code to establish that it was the lawful holder of the note, entitled to enforce its terms. The note was a negotiable instrument subject to the provisions of Chapter 673, Florida Statutes (2008). An indorsement requires a "signature." § 673.2041(1), Fla. Stat. (2008). As an agent of First Magnus, Alday's hand printed signature was an effective signature under the Code. See §§ 673.4011(2)(b), 673.4021, Fla. Stat. (2008). The indorsement in this case was not a "special indorsement," because it did not "identif[y] a person to whom" it made the note payable. § 673.2051(1), Fla. Stat. (2008). Because *304 it was not a special indorsement, the indorsement was a "blank indorsement," which made the note "payable to bearer" and allowed the note to be "negotiated by transfer of possession alone." § 673.2051(2), Fla. Stat. (2008). The negotiation of the note by its transfer of possession with a blank indorsement made Aurora Loan the "holder" of the note entitled to enforce it. §§ 673.2011(1), 673.3011(1), Fla. Stat. (2008).

Id. (emphasis added). In WM Specialty Mortg., LLC v. Salomon, 874 So.2d 680, 682 (Fla. 4th DCA 2004), this court held that "a mortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt. If the note or other debt secured by a mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt...." Id. (quoting Johns v. Gillian, 279 Ala. 232, 184 So. 140, 143 (Fla.1938)).
Here, because the note at issue is payable to AHMAI, and indorsed in blank, and because Deutsche possessed the original note and filed it with the circuit court, its standing may be established from its status as the note holder, regardless of any recorded assignments. As to Harvey's argument regarding "questionable signatures," although Harvey argued this point in her motion for reconsideration, she failed to present any evidence below to support her contention that the signatures were fraudulent. Even if Harvey could prove this, the dispute would be between AHMAI and Deutsche. Importantly, Harvey has never denied that she was in default as to her mortgage payments.

2. The Order Denying Harvey's Motion for Reconsideration

Harvey argues that the circuit court's denial of her motion for reconsideration violated her due process rights. In Aubourg v. Erazo, 922 So.2d 1106 (Fla. 4th DCA 2006), this court held that due process does not require a trial court to hold a hearing before it can deny a motion for new trial. Id. at 1107.
Because the circuit court properly found Deutsche had standing to enforce the notebased on uncontroverted record evidence, Harvey's motion was properly denied without a hearing. Under this court's decision in Riggs, the circuit court properly entered summary judgment in favor of Deutsche, and pursuant to our decision in Aubourg, the trial court did not abuse its discretion when it refused to hold a hearing prior to denying Harvey's motion for reconsideration.
GROSS, C.J., POLEN and DAMOORGIAN, JJ., concur.
NOTES
[1] The transcript from the January 11, 2010 hearing on Deutsche's motion for summary judgment reflects that on October 27, 2009, Deutsche withdrew its count in its complaint to reestablish the note.
[2] As to this point, Harvey specifically argued that on April 16, 2009, an assignment of mortgage was executed by Korell Harp, vice president for MERS, as nominee for AHMAI, and Tywanna Thomas, assistant secretary for MERS. Harvey stated that on May 6, 2009, an assignment of mortgage in a different and unrelated foreclosure case was executed by Korell Harp; Harp was listed as vice president and assistant secretary for Argent Mortgage Company, LLC. Harvey further stated that in another unrelated foreclosure case, an assignment of mortgage was executed by Cheryl Thomas and Tywanna Thomas; Cheryl Thomas was listed to be vice president of Sand Canyon Corporation and Tywanna Thomas was listed as assistant vice president. Harvey stated that in yet another unrelated foreclosure case, an assignment of mortgage was executed by Korell Harp and Tywanna Thomas. Harvey argued that the signatures of Harp and Tywanna Thomas "appear to be different when compared with the other assignments signed by Ms. Harp and Ms. Thomas," and "[b]ecause there was a dispute concerning either the facts of the controversy or the inferences to be drawn from those facts, a summary judgment was improper."