KELLY, Judge.
Spiro Chris Ioannides appeals a final summary judgment of ejectment entered in favor of Martha Alonzo. Because Ms. Alonzo did not meet her burden to establish that there was no issue of material fact and that she was entitled to judgment as a matter of law, we reverse and remand for further proceedings.
Ms. Alonzo sued in county court to evict Mr. Ioannides from a home titled in her name but occupied by Mr. Ioannides. The county court determined the action should have been brought as one for ejectment, it allowed Ms. Alonzo to amend her complaint accordingly, and then it transferred the case to the circuit court. Before Mr. Ioannides filed an answer, Ms. Alonzo moved for summary judgment. Her motion was bereft of facts, and she did not file an affidavit in support of her motion. In response, Mr. Ioannides filed an affidavit alleging facts that could have provided a defense to the action. Ms. Alonzo did nothing to refute Mr. Ioan-nides’ factual allegations. The trial court nevertheless granted Ms. Alonzo’s motion and entered a final judgment for ejectment in her favor.
“A movant is entitled to summary judgment ‘if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ” Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., Inc., 928 So.2d 1272, 1274 (Fla. 2d DCA 2006) (citing Fla. R. Civ. P. 1.510(c)). Additionally, when, as was the case here, a plaintiff moves for summary judgment be *1203 fore the defendant files an answer to the complaint, the burden is on the plaintiff to establish that no answer the defendant might serve or affirmative defense he might raise could present a genuine issue of material fact. See W. Fla. Cmty. Builders, Inc. v. Mitchell, 528 So.2d 979, 980 (Fla. 2d DCA 1988). Ms. Alonzo failed to meet this burden. We therefore reverse the final summary judgment and remand to the trial court for further proceedings.
Reversed and remanded.
WHATLEY and LaROSE, JJ„ Concur.