On Motion for Rehearing
Appellee, HSBC Mortgage Services, LLC (“HSBC”) moved this court for a rehearing after this court reversed the trial court’s final summary judgment. HSBC argued in its motion for rehearing that this court overlooked or misapprehended its filing of the original note and mortgage in the underlying foreclosure action, thus resulting in an improper reversal of the lower court’s decision. We deny HSBC’s motion for rehearing and clarify *781 our slip opinion, issued on November 23, 2011.
In our slip opinion, we stated that HSBC alleged that the original note and mortgage had been lost and were not in HSBC’s custody or control. We also provided that, at the hearing, the original note was unable to be located. We now modify our slip opinion to clarify those statements.
At the summary judgment hearing, the judge recognized that the court docket showed a filing of the original note, docketed as number sixteen. However, the judge also noted on the record that the court file did not contain the original note, nor did the electronic docket. In making the decision to grant summary judgment, the judge, again, took notice of the docket entry listing the original note, but could not speak to its contents, as the note was unable to be located. HSBC argued that the original note was endorsed in blank and that its possession of the note would prove a transfer took place, thus giving HSBC standing to file a foreclosure action. While we agree with HSBC’s position that possession of a note endorsed in blank shows that the instrument was properly negotiated and that the holder, therefore, is entitled to enforce the note, neither the trial court file nor the appellate record contained the actual note. See Harvey v. Deutsche Bank Nat’l Trust Co., 69 So.3d 300, 303-04 (Fla. 4th DCA 2011). Without the presence of the original note in the record, genuine issues of material fact still existed.
As such, the trial court erred in granting summary judgment based on HSBC’s possession of the original note where the note was unavailable for the court to evaluate the contents thereof. We deny the motion for rehearing and order that on remand, HSBC carries the burden of presenting the original note to the trial court. If HSBC is unable to locate the original note because it was filed with the trial court, as the docket suggests, HSBC may seek to reestablish the lost note.

Rehearing Denied; Opinion Modified.

GROSS and CONNER, JJ., concur.