DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE BANK OF NEW YORK MELLON, ETC.,**
Appellant,

v.

**REMONDE LOPEZ** and **SAMUEL LOPEZ,**
Appellees.

No. 4D2024-0570

[February 19, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William Haury, Jr., Judge; L.T. Case No. CACE18-001600.

Sara F. Holladay, Emily Y. Rottman, and Kathleen D. Dackiewicz of McGuireWoods LLP, Jacksonville, for appellant.

Samuel D. Lopez of Samuel D. Lopez, P.A., Southwest Ranches, for appellees.

WARNER, J.

Appellant, Bank of New York Mellon ("BONYM") timely appeals a final judgment entered in favor of appellees, Remonde and Samuel Lopez, following the involuntary dismissal of BONYM's foreclosure action against appellees. The trial court granted the involuntary dismissal based upon its determination that two allonges in the chain of endorsement ending with a blank endorsement were invalid and thus inadmissible. Because appellees did not have standing to object to the validity of the endorsements, the trial court erred in denying admission of the allonges. As the allonges proved BONYM's standing to foreclose as a holder in due course, we reverse.

BONYM filed a complaint to foreclose a mortgage securing a note that appellees executed in 2005 in favor of Aegis Wholesale Corporation. BONYM attached copies of the note, the mortgage, and an allonge. BONYM later filed the originals with the court. The allonge had four endorsements, showing Aegis Wholesale endorsing the note to Aegis Mortgage Corporation; Aegis Mortgage Corporation endorsing the note to

Countrywide Bank; Countrywide Bank endorsing the note to Countrywide Home Loans, Inc.; and Countrywide Home Loans, Inc. endorsing the note in blank. The first two endorsements were signed by Wendy Thompson, who signed as Aegis's vice president and assistant secretary.

Appellees filed an answer and affirmative defenses, arguing, among other things, that Wendy Thompson's signature was inauthentic and that she also lacked the authority to transfer Aegis's assets, as she was not an officer of the company. BONYM replied to appellees' affirmative defenses, arguing that it was the holder in due course because it possessed the note with a blank indorsement, and appellees lacked standing to challenge the signatures' authenticity as they were not parties to the endorsement. Any dispute as to the endorsement's validity would be between the endorser and endorsee.

At the trial on the foreclosure, appellees admitted being in default on the mortgage, and BONYM introduced the amount owed by appellees without objection. Thus, the only issue at trial was whether BONYM had standing to enforce the note and bring a claim of foreclosure.

Through its corporate representative, BONYM introduced the note together with the allonge. Appellees objected as to the allonge, arguing the allonge was hearsay and that Thompson's signature was inauthentic. The trial court reserved ruling on its admissibility. BONYM also introduced evidence of the chain of loan servicers handling the loan. At the close of BONYM's case, the court continued to reserve ruling on the allonge's admissibility.

Appellees introduced Aegis Wholesale Corporation's and Aegis Mortgage Corporation's annual filings from February 2007 to show Wendy Thompson was not listed as an officer of either company at the time when the note was transferred. Appellees also introduced a handwriting expert, over BONYM's objection, who testified it was "highly probable" that the signatures on the allonge were not Thompson's. The expert was not aware that Thompson had testified at her deposition that the signatures were indeed hers. Portions of Thompson's deposition were read into evidence in which she testified that she was a closer for loans and believed she had authority to sign on behalf of the corporations. She stated that the signature on the allonge appeared to be hers.

BONYM again sought to move the allonge into evidence, but the trial court denied its admission. BONYM rested, and appellees moved for involuntary dismissal. Appellees argued that the signatures by Thompson were proven to be inauthentic, and Thompson additionally was not

authorized to execute endorsements on behalf of the Aegis entities. Therefore, BONYM could not rely on the allonge to prove standing. The trial court agreed and granted appellees' motion for involuntary dismissal, finding that BONYM was precluded from proving standing without the allonge, which the trial court had ruled inadmissible because it found that Thompson's signature was inauthentic. The trial court entered a final judgment. This appeal follows.

An order granting involuntary dismissal is reviewed de novo. *Nationstar Mortg., LLC v. Kee Wing*, 210 So. 3d 216, 218 (Fla. 5th DCA 2017). Whether a party has standing is also reviewed de novo. *Boyd v. Wells Fargo Bank, N.A.*, 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014).

In *U.S. Bank National Ass'n v. Becker*, 211 So. 3d 142 (Fla. 4th DCA 2017), we discussed how a foreclosure plaintiff must prove standing at the time it filed its complaint:

> [I]t is more than well established that a "plaintiff must prove that it had standing to foreclose when the complaint was filed." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). A party may establish standing by showing that it was entitled to enforce the note at the time it filed suit. *Id.* at 174. "A 'person entitled to enforce' an instrument is: '(1) [t]he holder of the instrument; (2)[a] nonholder in possession of the instrument who has the rights of a holder; or (3)[a] person not in possession of the instrument who is entitled to enforce the instrument pursuant to s[ection] 673.3091 or s[ection] 673.4181(4).'" *Murray v. HSBC Bank USA*, 157 So. 3d 355, 358 (Fla. 4th DCA 2015) (quoting § 673.3011, Fla. Stat. (2013)). A "holder" is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." § 671.201(21)(a), Fla. Stat. (2013). "Thus, to be a holder, the instrument must be payable to the person in possession or indorsed in blank." *Murray*, 157 So. 3d at 358. A holder seeking to enforce a note indorsed in blank must prove that it was in physical possession of the note at the time it filed suit. *Vogel v. Wells Fargo Bank, N.A.*, 192 So. 3d 714, 716 (Fla. 4th DCA 2016).

*Id.* at 144 (alterations in original). Here, BONYM offered into evidence, but the trial court declined to admit, the allonge which contained a chain of endorsements ending with a blank endorsement. If admitted, the allonge

3

would have proven BONYM's standing because BONYM was the holder of the note and the allonge. *Id.*

BONYM argues that appellees lacked standing to challenge the authenticity of Thompson's signature, as the endorsements were separate contracts from the original note, and appellees were not parties to the endorsements. We agree. The endorsements constituted new contracts to which appellees were not parties. *See Spann v. Baltzell*, 1 Fla. 301, 350 (Fla. 1847) ("The endorsement of a note . . . is a *new* contract between the endorser and endorsee."); *First Nat'l Bank of Live Oak v. Davis*, 193 So. 2d 228, 228 (Fla. 1st DCA 1966) ("We conclude that the lower court was correct in holding that the contract of endorsement was a separate contract from that of the maker . . ."). Because they were not parties to the contract, appellees did not have standing to challenge the endorsements' validity. *See Green Emerald Homes, LLC v. 21st Mortg. Corp.*, 300 So. 3d 698, 706 (Fla. 2d DCA 2019) (noting the "hornbook contract law rule that a person who is neither a party to nor an intended third-party beneficiary of a contract has no rights under the contract to enforce"); *see also Citibank, N.A. v. Olsak*, 208 So. 3d 227, 230 (Fla. 3d DCA 2016) ("Florida courts have repeatedly held that borrowers cannot defeat a foreclosure plaintiff's standing by relying upon trust documents to which the borrower is not a party."). In *Harvey v. Deutsche Bank National Trust Co.*, 69 So. 3d 300 (Fla. 4th DCA 2011), where a mortgagor contended that signatures on endorsements were questionable, we noted that "even if [the mortgagor] could prove [the inauthenticity of the signatures], the dispute would be between [the original lender and the holder of the note]." *Id.* at 304. Thus, in dicta, we agreed with the proposition that the borrower has no standing to contest the validity of a note's endorsement.

Other jurisdictions also hold that a debtor has no standing to challenge the validity of an assignment. *See, e.g.*, *In re Schmid*, 494 B.R. 737, 754 (Bankr. W.D. Wisc. 2013) (internal citation omitted) ("[T]he Debtor concludes, BANA forged the endorsements to make itself the assignee. Even if this were true, the Debtor overlooks the fact that since she was not a party to the assignment, she lacks standing to challenge its validity.) *Mushala v. US Bank, Nat'l Ass'n*, No. 18-1680, 2019 WL 1429523, at *7 n.9 (D.D.C. Mar. 29, 2019) (quoting *Rivera v. Rosenberg & Assocs.*, LLC, 142 F. Supp. 3d 149, 155 (D.D.C. 2015)) ("Mushala's FDCPA claims premised on US Bank's lack of standing likely fail for various additional reasons. First, to the extent her claims are premised on fraudulent endorsements of the promissory note or assignments of the deed of trust, she 'lacks standing to challenge' those transfers because she was 'not a party to, or an intended beneficiary of' those third-party agreements.");

*Livonia Prop. Holdings, LLC v. 12840–12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 102–03 (6th Cir. 2010) ("[E]ven if there were a flaw in the assignment, Livonia does not have standing to raise that flaw to challenge Farmington's chain of title. . . [I]f the assignment were in fact irregular, that would be an issue between the assignor and assignee, not between Livonia and Farmington."); *Clark v. Lender Processing Servs., Inc.*, 949 F. Supp. 2d 763, 771 (N.D. Ohio 2013) (internal citation omitted) (citing *Livonia*, 399 F. App'x at 102).

Appellees, as non-parties to the endorsements, had no standing to challenge their validity, and the trial court reversibly erred in excluding the allonge on this basis. With the admissible allonge, BONYM proved all of the elements of mortgage foreclosure. Therefore, we reverse and remand for entry of final judgment of foreclosure.

*Reversed and remanded with directions.*

GROSS and LEVINE, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**