NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PAUL WAGNER,                                    )
                                               )
      Appellant,                          )
                                               )
v.                                             )        Case No. 2D12-6131
                                               )
BANK OF AMERICA , N.A., successor              )
by merger to BAC Home Loans                    )
Servicing, L.P., f/n/a Countrywide Home        )
Loans Servicing, L.P.,                         )
                                               )
      Appellee.                           )
_____ )

Opinion filed July 18, 2014.

Appeal from the Circuit Court for Manatee
County; Paul E. Logan, Judge.

Richard R. Kosan, Brandon, for Appellant.

Tricia J. Duthiers and J. Randolph Liebler
of Liebler, Gonzalez & Portuondo, P.A.,
Miami, for Appellee.

MORRIS, Judge.

Paul Wagner appeals a final judgment of foreclosure entered in favor of BAC Home Loans Servicing, LP, the predecessor in interest to appellee Bank of America, N.A. (collectively referred to as the bank). We affirm the finding of liability in the final judgment without comment, but we reverse and remand for further proceedings on damages.

Wagner claims that the trial court erred in awarding $9588.85 for the costs of collection (including attorney's fees) when there was no evidence presented to support this amount. He also contends that the trial court erred in including $3619 for property inspections because there was no evidence to support this amount.

A damages award must be supported by competent, substantial evidence. See Shakespeare v. Prince, 129 So. 3d 412, 413-14 (Fla. 2d DCA 2013). The $3619 awarded to the bank for property inspections was not reflected on the payment history admitted at trial, which was the only evidence offered by the bank regarding the non-principal amounts owed by Wagner. The $9588.85 for costs of collection, which included costs paid by the bank's counsel and attorney's fees charged by the bank's counsel, were also not reflected on the payment history. The only evidence of these costs and fees was an affidavit filed by the bank's counsel prior to trial, but as all parties agreed below, Wagner was entitled to an evidentiary hearing on the amount of attorney's fees and costs sought by the bank.[1] See Newman v. Newman, 121 So. 3d 661, 662 (Fla. 1st DCA 2013) (holding that trial court "erred in awarding fees and costs without conducting a hearing and giving [a]ppellant the opportunity to dispute the reasonableness of the attorney's hourly rate and time claimed"). Therefore, there was no competent, substantial evidence to support the award of damages for the $9588.85 for costs of collection or the $3619 for property inspections.

---

[1]In fact, the bank conceded at the bench trial that it was not prepared to present evidence on attorney's fees unless the trial court was willing to consider the affidavit filed by counsel. Wagner's counsel objected, and they all agreed that live testimony was required.

Wagner also argues that the trial court's calculations for insurance damages exceeded the actual amount reflected on the payment history, and our review of the payment history indicates that the amount awarded to the bank for insurance payments exceeded the actual amount proven by $149.

Accordingly, we reverse the final judgment as to damages and remand for further proceedings on the issue of attorney's fees and costs. On remand, the trial court shall also correct the calculation of insurance damages and eliminate the $3619 awarded for inspections.

Affirmed in part, reversed in part, and remanded.

SILBERMAN and LaROSE, JJ., Concur.