CRENSHAW, Judge.
In this foreclosure case, Lonnie Boyette primarily challenges the final judgment of foreclosure and argues that the evidence presented at trial does not support the judgment. Because there is a lack of competent, substantial evidence as to certain of the damages that were awarded, we reverse and remand for further proceedings.
BAC Home Loans Servicing, LP (the Bank), filed this action in May 2010. The complaint alleged that Boyette was in default and owed $115,697.24 plus interest and late charges. The complaint also sought reimbursement of costs for property inspections and attorney’s fees. One item properly introduced into evidence was a payment history delineating the principal amount, $115,697.24, hazard insurance premiums, late charges, and tax payments. The final judgment also includes awards for the other items sought in the complaint.
Values awarded in a foreclosure judgment must be based on competent, substantial evidence. Wagner v. Bank of Am., N.A., 143 So.3d 447, 448 (Fla. 2d DCA 2014). Based on the testimony and the payment history in evidence, we conclude there is competent, substantial evidence supporting the principal, hazard insurance, late charges, and taxes. However, the Bank was also awarded interest, costs for property inspections, and attorney’s fees. These latter values fail for lack of competent, substantial evidence. See id. The final judgment states that interest accrued in the amount of $23,741.25. But there are no records or testimony reflecting how that amount accrued, and the only document regarding interest, the adjustable rate rider, does not provide enough information to establish the interest that accrued. Thus this portion of the judgment must be reversed. See Salauddin v. Bank of Am., N.A., 150 So.3d 1189, 1190-91 (Fla. 4th DCA 2014).[1] Too, the *11 $945 for property inspections is not established by testimony or other evidence in our record. See Wagner, 143 So.3d at 448. Finally, the attorney’s fees of $1200 are not substantiated. Rather, the final judgment requires that we infer a flat fee because the breakdown of the fee award states that it was for “0 hours at $0.00 per hour.” But the record does not reflect any agreement to a flat attorney fee; thus, this must be supported by other competent, substantial evidence. See id. Because the attorney’s ' fee is not so supported, we must reverse this portion of the judgment as well.
Default is established in this case,, and the amount of principal, hazard insurance premiums, late charges, and taxes are supported by competent, substantial evidence. But because the other costs, namely interest, property inspection fees, and the attorney fees, are not, we reverse and remand the judgment for further proceedings to properly establish the amounts allegedly due and owing. See Sas v. Fed. Nat’l Mortg. Ass’n, 112 So.3d 778, 779 (Fla. 2d DCA 2013).
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
SILBERMAN and BLACK, JJ., Concur.

. Because we reverse for an evidentiary hearing or trial to establish the remaining *11 amounts due and owing, the court may allow evidence to be adduced on this point, rather than only calculate the interest based on the minimum rate in the note as in Salauddin.