[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14736
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-02126-VMC-AEP

AMADOU WANE,

                                                    Plaintiff -
                                                    Counter Defendant -
                                                    Appellant,

MERLANDE WANE,

                                                    Plaintiff -
                                                    Counter Defendant,

versus

THE LOAN CORPORATION,

                                                    Defendant - Appellee,

BANKUNITED,

                                                    Defendant -
                                                    Counter Claimant -
                                                    Appellee,

FDIC,

as Receiver of BankUnited FSB,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 4, 2015)

Before MARCUS, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

This appeal involves a request for attorney's fees and costs incurred by BankUnited, N.A. in defending against a quiet title action brought by Amadou and Merlande Wane.  Over a year after the district court granted summary judgment in its favor, BankUnited filed a motion to enter a final judgment determining damages and a motion for attorney's fees and costs.  The district court granted both motions, and the Wanes now appeal, arguing that the motion for attorney's fees and costs was untimely.  For the following reasons, we affirm the district court's award of fees and costs.

**I**

On August 10, 2011, the Wanes filed their amended complaint to quiet title against The Loan Corporation, BankUnited, and the FDIC in state court.  The FDIC removed the action to federal court and reached a settlement with the Wanes.

2

The FDIC was then dismissed from the action. The Wanes filed a second amended complaint naming only BankUnited and The Loan Corporation as defendants. On May 11, 2012, BankUnited filed counterclaims against the Wanes for breach of a note and money lent. Subsequently, the parties filed summary judgment motions.

On February 23, 2013, the district court entered an order granting BankUnited's motion for summary judgment and denying the Wanes' motion for summary judgment. In its order, the district court explained that it had resolved all claims, except those brought against The Loan Corporation, a now defunct company which had failed to appear in the action. The district court permitted the Wanes to file a motion for default judgment against The Loan Corporation, but ultimately, on April 1, 2013, denied that motion. Mr. Wane then appealed the district court's summary judgment order, which we affirmed in January of 2014. *See Wane v. Loan Corp.*, 552 F. App'x 908 (11th Cir. 2014). Before resolving Mr. Wane's appeal on the merits, we denied BankUnited's motion to dismiss the appeal, ruling that the April 1, 2013, order was final and appealable.

On July 11, 2014, following remand, the district court entered a final judgment in BankUnited's favor for the balance of the defaulted loan, interest, and other fees, which totaled $591,084.23. On July 24, 2014, BankUnited filed a motion for attorney's fees and costs, which the district court granted in the amount of approximately $92,000.

3

The Wanes filed the instant appeal and raised several issues. BankUnited filed a motion to dismiss the appeal, which we granted in part for lack of jurisdiction. The only issue left for us to resolve is whether BankUnited timely filed its motion to recover attorney's fees and costs.

## II

"This Court reviews an award of attorney's fees for abuse of discretion; nevertheless, that standard of review still allows us to closely scrutinize questions of law decided by the district court in reaching a fee award." *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1304 (11th Cir. 2001) (citations omitted).

## III

Under Federal Rule of Civil Procedure 54(d)(2)(B), a motion for attorney's fees must be filed "no later than 14 days after the entry of a judgment," unless a statute or a court order provides otherwise. The Federal Rules define "judgment" as "a decree or any order from which an appeal lies." Fed. R. Civ. P. 54(a). The district court's applicable local rule closely mirrors Rule 54 in substance, adding only that "the pendency of an appeal from the judgment shall not postpone the filing of a timely application pursuant to th[e] rule." *See* M.D. Fla. R. 4.18.

The Wanes argue that the motion for fees and costs was untimely because BankUnited had 14 days from February 23, 2013—the date that the district court entered its order granting BankUnited's summary judgment—to move for fees and

4

costs.  BankUnited responds that the district court's summary judgment order "was not a 'judgment' but rather an 'order,'" because it "did not contain such conclusive language, or any language to indicate that the [order] was a 'final judgment.'" BankUnited's Br. at 8-9.  We agree with BankUnited that its motion was timely. This is so because the July 11, 2014, order awarding damages was qualitatively different from the order we reviewed in the first appeal, and as such, started the clock to file a motion for attorney's fees anew.

We acknowledge that in Mr. Wane's prior appeal, we ruled that the district court's April 1, 2013, order was final and appealable.  Following our affirmance of the grant of summary judgment, however, BankUnited moved for the district court to determine the amount of damages and enter a final judgment, something the district court had not yet done.  The Wanes objected to BankUnited's request, arguing that, in its motion for final judgment, BankUnited sought an amount that was greater than the principal balance requested in its counterclaim.  The district court ruled in favor of BankUnited and entered a final judgment awarding damages.

There is no doubt that the July 11, 2014, order constituted a new judgment and restarted the clock for purposes of Rule 54, as it was a new appealable order. *See* Fed. R. Civ. P. 54(a) (a judgment is "any order from which an appeal lies."). Indeed, had the Wanes believed that the district court erroneously calculated

BankUnited's damages they could have appealed. *See Fed. Trade Comm'n v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-12 (1952) (ruling that the period to file an appeal begins anew when a trial court enters a new judgment that "changes matters of substance, or resolves a genuine ambiguity, in a previously rendered judgment[,]" and stating that the appropriate test is "whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality"). Having filed its motion for attorney's fees and costs on July 24, 2014, just 13 days after the district court entered the final judgment, BankUnited satisfied the timing requirements of Rule 54(d)(2)(B).

## V

For the foregoing reasons, we affirm the district court's order awarding fees.

**AFFIRMED.**