DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NICK PURIFICATO** and **DENISE L. PURIFICATO** a/k/a **DENISE PURIFICATO,**
Appellants,

v.

**NATIONSTAR MORTGAGE, LLC, ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMES INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISES, GRANTEES, OR OTHER CLAIMANTS, STONEGATE BANK SUCCESSOR BY MERGER TO INTEGRITY BANK, STATE OF FLORIDA DEPARTMENT OF REVENUE, TIERRA DEL REY PROPERTY OWNERS ASSOCIATION, INC., TENANT 1** and **TENANT 2,**
Appellees.

No. 4D14-992

[ January 6, 2016 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jack Cox, Judge; L.T. Case No. 2010CA018934XXXXMB.

Thomas Erskine Ice of Ice Appellate, Royal Palm Beach, for appellants.

Andrew D. Rafkin of Broad and Cassel, West Palm Beach, for Appellee Nationstar Mortgage, LLC.

TAYLOR, J.

Denise and Nick Purificato appeal the final judgment of foreclosure entered in favor of Nationstar Mortgage, LLC. We affirm on all issues raised in this appeal and write only to address appellants' argument that the trial court erred in denying their motion for involuntary dismissal because the allonge containing the blank endorsement was not sufficiently affixed to the note to prove Nationstar's standing as the holder of the note.

Aurora Loan Services, LLC, Nationstar's predecessor, attached a copy of the Note and an allonge to its amended complaint. The allonge contained a chain of undated endorsements ending in a blank

endorsement.  At trial, Nationstar offered the original Note and allonge as well as screen shots of those documents dated before Aurora filed the complaint.  Appellants argue that the allonge and the endorsements were invalid because Nationstar offered no evidence that the allonge was firmly affixed to the note before Aurora filed the complaint.

We review an order denying a motion for involuntary dismissal *de novo. Deutsche Bank Nat'l Trust Co. v. Huber*, 137 So. 3d 562, 563 (Fla. 4th DCA 2014).  "A *de novo* standard of review [also] applies when reviewing whether a party has standing to bring an action."  *Boyd v. Wells Fargo Bank, N.A.*, 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014).  A plaintiff may establish standing by proving that it was in possession of the note with a blank endorsement at the time it filed the complaint.  *See Riggs v. Aurora Loan Servs., LLC*, 36 So. 3d 932, 933 (Fla. 4th DCA 2010); *Focht v. Wells Fargo Bank, N.A.*, 124 So. 3d 308, 310-11 (Fla. 2d DCA 2013).

"An allonge is a piece of paper annexed to a negotiable instrument or promissory note, on which to write endorsements for which there is no room on the instrument itself."  *Booker v. Sarasota, Inc.*, 707 So. 2d 886, 887 n.1 (Fla. 1st DCA 1998) (quoting *Black's Law Dictionary* 76 (6th ed. 1990)) (quotation marks omitted).  Although previous versions of Florida's Uniform Commercial Code required the piece of paper to be *firmly* affixed to the instrument,[1] the relevant version simply requires the paper to be affixed to the instrument.  *See* § 673.2041(1), Fla. Stat. (2010).

The rationale underlying the affixation requirement is "to protect subsequent purchasers from the risk that the present holder or a previous holder has negotiated the instrument to someone outside the apparent chain of title through a separate document."  *Adams v. Madison Realty & Dev., Inc.*, 853 F.2d 163, 165 (3rd Cir. 1988); *see also Sw. Resolution Corp. v. Watson,* 964 S.W.2d 262, 264 (Tex. 1998) ("The attachment requirement has been said to serve two purposes: preventing fraud and preserving the chain of title to an instrument.").

Where an allonge contains evidence of a clear intent that the note and the allonge were to be physically attached to each other, such evidence of intent is sufficient to establish a valid endorsement under the UCC.  *See Wane v. Loan Corp.*, 552 Fed. App'x. 908, 914 (11th Cir. 2014) (finding that the allonge was affixed because the allonge itself purported to be affixed to

---

[1] For example, section 673.202(2), Florida Statutes (1989), states that "[a]n indorsement must be written by or on behalf of the holder and on the instrument or on paper so *firmly* affixed thereto as to become a part thereof." (Emphasis added).

the note); *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. McCranie*, 87 UCC Rep. Serv. 2d 688, 2015 WL 5234569, at *13 (M.D. Fla. Sept. 8, 2015) (holding that the allonge was a proper endorsement on the note because it was part of the loan file and contained the loan information evidencing the parties' intent to have the documents attached); *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 717 F. Supp. 2d 724, 734 (E.D. Mich. 2010) (holding that the allonges were sufficiently attached to the note because each allonge stated that it was either attached to or part of the promissory note); *In re Nash*, 49 B.R. 254, 261 (Bankr. D. Ariz. 1985) (holding that the allonge was valid because the allonge referenced the escrow number, identified the maker of the note and the date, and recited that the note was to be attached to the allonge); *Kohler v. U.S. Bank Nat'l Ass'n.*, 80 UCC Rep. Serv. 2d 1135, 2013 WL 3179557 (E.D. Wis. 2013) (explaining that, even if the allonges had not been physically attached to the note, the information on the allonge established that the parties intended for the allonges to be affixed).

Here, the allonge by its terms stated that it was "affixed and [became] a permanent part of said note." The allonge also referenced the loan number, the date and amount of the loan, and Nick Purificato's name and address. Moreover, the allonge was part of the loan file at the time Aurora filed the complaint. Based on the language of the Note and allonge, and the testimony that the Note and allonge were simultaneously imaged as a single document before the filing of this action, Nationstar established that the allonge was sufficiently affixed to the Note so as to become a part thereof and to prove Nationstar's status as the holder of the Note with standing to foreclose.

*Affirmed.*

WARNER and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**