DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THOMAS PETROVSKY** a/k/a Thomas J. Petrovsky and **NANCY PETROVSKY** a/k/a Nancy R. Petrovsky,
Appellants,

v.

**HSBC BANK, USA,** as Indenture Trustee for Friedman, Billings, Ramsey Group, Inc. (FBR) Securitization Name - FBRSI 2005-2, **ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS, BANK OF AMERICA, N.A., TENANT #1, TENANT #2, TENANT #3,** and **TENANT #4,**
Appellees.

No. 4D14-1485

[February 17, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lucy Chernow Brown, Judge; L.T. Case No. 50-2008-CA-008391 XXXXMB.

Thomas Erskine Ice of Ice Appellate, Royal Palm Beach, for appellants.

Joseph D. Wargo and Susan Capote of Wargo & French, LLP, Miami, for appellee HSBC Bank, USA.

LEVINE, J.

Appellants appeal a final judgment of foreclosure entered in favor of HSBC Bank. We find HSBC proved standing as the holder of the note because the allonge containing the blank endorsement was sufficiently affixed to the note. *See Purificato v. Nationstar Mortg., LLC*, 41 Fla. L. Weekly 64331 (Fla. 4th DCA Jan. 6, 2016). We also find no error in the admission of HSBC's exhibits under the business record exception to the hearsay rule.

However, we reverse the portion of the final judgment awarding attorney's fees without an evidentiary hearing. "Reasonable attorney's

fees' generally are not liquidated damages and require a hearing. Absent an evidentiary hearing, the fee award will be reversed for a hearing unless there is an indication that the right to a hearing was waived." *Zumpf v. Countrywide Home Loans, Inc.*, 43 So. 3d 764, 766 (Fla. 2d DCA 2010) (citation omitted); *see also Roggemann v. Boston Safe Deposit & Trust Co.*, 670 So. 2d 1073, 1075 (Fla. 4th DCA 1996).

After the trial court orally ruled in favor of HSBC, appellants requested an evidentiary hearing to determine a reasonable amount of attorney's fees. HSBC claimed that during trial it asked the court to take judicial notice that it filed an affidavit of attorney's fees, and appellants did not raise any objection. The court found that appellants waived their right to an evidentiary hearing.

Contrary to the trial court's finding, appellants did not waive their right to an evidentiary hearing on attorney's fees. During trial, HSBC merely referred to the fact that it had filed attorney's fees affidavits. HSBC did not request that the court take judicial notice of the affidavits. Moreover, the affidavits were not introduced as an exhibit at trial. By requesting that the court hold an evidentiary hearing on the issue of attorney's fees, appellants preserved their right to a hearing.

In *Diwakar v. Montecito Palm Beach Condominium Ass'n*, 143 So. 3d 958 (Fla. 4th DCA 2014), the bank filed an affidavit of attorney's fees before trial, but the affidavit was not admitted into evidence during trial. This court found the evidence insufficient to support the attorney's fee award, and reversed and remanded for the trial court to take additional evidence on attorney's fees. Similarly, in *Wagner v. Bank of America, N.A.*, 143 So. 3d 447, 448 (Fla. 2d DCA 2014), the court remanded for an evidentiary hearing on the amount of attorney's fees where the only evidence of fees was an affidavit filed by the bank prior to trial.

Like in *Diwakar* and *Wagner*, the attorney's fees affidavits HSBC filed before trial were insufficient to support the fee award. Accordingly, we reverse the portion of the final judgment awarding attorney's fees, and remand for the trial court to conduct an evidentiary hearing thereon.

*Affirmed in part, reversed in part, and remanded.*

GROSS and WARNER, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**