[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13951
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-02126-VCM-AEP

AMADOU WANE,

Plaintiff-Counter Defendant-Appellant,

MERLANDE WANE,

Plaintiff-Counter Defendant,

versus

THE LOAN COMPANY,

Defendant-Appellee,

BANKUNITED, N.A.,

Defendant-Counter Claimant,

FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER OF BANKUNITED FSB,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 16, 2016)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

On January 14, 2014, we affirmed the dismissal of Mr. Wane's claim for rescission under the Truth in Lending Act. *See Wane v. Loan Corp.*, 552 F. App'x 908, 912 (11th Cir. 2014). We concluded that Mr. Wane had failed to plead a sufficient factual basis for rescission. *See id.* Mr. Wane and his wife had mailed a notice of rescission, which was sufficient to contemplate a right to rescind, but had not pled enough sufficient facts to provide a substantive right to rescind. *See id.*

Following our decision, Mr. Wane filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(4-6). The district court denied that motion, and Mr. Wane now appeals.

After reviewing the record and the parties' briefs, we affirm the district court's denial of Mr. Wane's Rule 60(b) motion. Mr. Wane relied on a new Supreme Court case, *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. __, 135 S. Ct. 790 (2015) (holding that Truth in Lending Act only requires written notice of intent to seek rescission within the three-year period for rescission), but that

case does not affect the basis for the dismissal of his rescission claim.  *See Wane*,

552 F. App'x at 912.  The district court therefore did not err in denying the motion.

**AFFIRMED.**