IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILMA NICHOLAS A/K/A WILMA JEAN NICHOLAS,

Appellant,

v.

Case No.  5D21-2885
LT Case No. 2017-CA-001727

U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE
TRUSTEE O/B/O AND WITH RESPECT TO
AJAX MORTGAGE LOAN TRUST 2015-B,
MORTGAGE BACKED NOTES, SERIES 2015-B
AND ROBERT JAMESON,

Appellees.

_____/

Opinion filed November 4, 2022

Appeal from the Circuit Court
for Lake County,
Larry Edward Metz, Judge.

Blake J. Fredrickson, of Cremeens
Law Group, PLLC, Tampa, for
Appellant.

Ryan B. Lamchick and Ronald
Pereira, of Lamchick Law Group,
P.A., Miami, for Appellee, U. S. Bank
National Association, etc.

COHEN, J.

Wilma Nicholas a/k/a Wilma Jean Nicholas appeals the trial court's final judgment of foreclosure entered in favor of U.S. Bank National Association, as Indenture Trustee o/b/o and with respect to AJAX Mortgage Loan Trust 2015-B, Mortgage Backed Notes, Series 2015-B ("U.S. Bank"). We affirm in all respects except for the award of attorney's fees to U.S. Bank.

At the bench trial, the trial court properly noted that "whoever prevails receives fees" but also indicated that the amount of fees was "not an issue to be decided at trial." Notwithstanding, in the final judgment of foreclosure, the trial court awarded U.S. Bank $31,813 in attorney's fees, the amount reflected in two affidavits filed by U.S. Bank five days before trial. On appeal, Nicholas argues that U.S. Bank failed to present competent substantial evidence to support the award of attorney's fees.

We cannot agree with U.S. Bank that its two affidavits constitute competent substantial evidence supporting the attorney's fees award. U.S. Bank's fee affidavits were never presented at trial, let alone admitted as evidence, and there was no testimony as to the reasonableness of the amount or hourly rate sought. See Sands v. Deutsche Bank, Nat'l Tr. Co., 251 So. 3d 359, 360 (Fla. 5th DCA 2018) (reversing attorney's fees award in final judgment of foreclosure and remanding for evidentiary hearing where fee award "was not supported by testimony from an attorney regarding the

work done in this case"). Accordingly, we remand for an evidentiary hearing on the amount of attorney's fees sought. <u>Petrovsky v. HSBC Bank, USA</u>, 185 So. 3d 700, 702 (Fla. 4th DCA 2016) (concluding that bank's attorney's fees affidavit filed prior to trial was insufficient to support fee award and remanding to trial court for evidentiary hearing); <u>Colson v. State Farm Bank, F.S.B.</u>, 183 So. 3d 1038, 1040–41 (Fla. 2d DCA 2015) ("Remand for 'an evidentiary hearing on the amount of attorney's fees and costs sought by the bank' is necessary and proper where the only evidence of the fees and costs 'was an affidavit filed by the bank's counsel prior to trial.'" (citation omitted)).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

EVANDER and TRAVER, JJ., concur.