# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

SANDRA D. PAGE,

Appellant,

v.

BANK OF AMERICA, N.A.,

Appellee.

No. 2D2023-0588

_____

July 10, 2024

Appeal from the Circuit Court for DeSoto County; Don Thomas Hall, Judge.

Ryan C. Torrens of Torrens Law Group, P.A., Tampa (withdrew after briefing); Janelle A. Weber of Manta Law, Tampa (substituted as counsel of record), for Appellant.

Heather L. Griffiths of Padgett Law Group, Tallahassee, for Appellee.

LaROSE, Judge.

Sandra D. Page appeals a foreclosure judgment entered in favor of Bank of America, N.A. (BOA). We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). We reverse that portion of the judgment awarding BOA attorneys' fees. We affirm, without comment, in all other respects.

## Background

In 2005, Ms. Page and her husband[1] executed a promissory note and mortgage in favor of BOA. The Pages defaulted in August 2010. BOA sued to foreclose on the mortgage in 2015. BOA sought an attorneys' fees award.

The Pages answered the complaint. They disputed the amounts claimed by BOA. They also challenged the reasonableness of various bank charges. Finally, the Pages "demand[ed] an evidentiary hearing on any claim for attorney's fees."

The case languished for years. Trial took place in February 2023. Shortly before trial, BOA submitted affidavits attesting to the amount of attorneys' fees it sought.

During the bench trial, the Pages objected to BOA questioning a witness about the amount of attorneys' fees. They argued that they were entitled to a posttrial evidentiary hearing on the amount and reasonableness of the fees BOA claimed.

The trial court agreed: "We can do that." Consequently, no testimony or other evidence on attorneys' fees, including the fee affidavits, was admitted at trial. At the close of trial, the trial court invited the parties to submit proposed final judgments.

BOA submitted a proposed foreclosure judgment; inadvertently, it included an attorneys' fees award. Promptly, BOA submitted an *amended* proposed foreclosure judgment. BOA acknowledged its faux pas in an email to the trial court:

> My apologies, but I need to resubmit [BOA]'s proposed
> Final Judgment. The Court [said] he would hold a separate

---

[1] Mr. Douglas M. Page died during the pendency of the appeal. We dismissed him as a party.

hearing relating to any award of attorney's fees and the prior proposed judgment I submitted, included [BOA]'s proposed attorney fees. The attached is the revised judgment which omits the attorney's fees . . . .

The trial court nonetheless entered a foreclosure judgment awarding BOA $29,565.75 in attorneys' fees.

## **Discussion**

The attorneys' fees award suffers from at least two infirmities.

First, it lacks evidentiary support. "A damages award must be supported by competent, substantial evidence." *Wagner v. Bank of Am., N.A.*, 143 So. 3d 447, 448 (Fla. 2d DCA 2014). In *Wagner*, 143 So. 3d at 448, we reversed the damages portion of the judgment because "[t]he only evidence of these costs and fees was an affidavit filed by the bank's counsel prior to trial, but as all parties agreed below, Wagner was entitled to an evidentiary hearing on the amount of attorney's fees and costs sought by the bank." *See also Colson v. State Farm Bank, F.S.B.*, 183 So. 3d 1038, 1041 (Fla. 2d DCA 2015) ("Remand for 'an evidentiary hearing on the amount of attorney's fees and costs sought by the bank' is necessary and proper where the only evidence of the fees and costs 'was an affidavit filed by the bank's counsel prior to trial.' " (quoting *Wagner*, 143 So. 3d at 448)). Here, too, there was a dearth of supporting evidence for an attorneys' fees award. Both parties and the trial court recognized the need for an evidentiary hearing posttrial. *See Wagner*, 143 So. 3d at 448; *see also Boyette v. Home Loans Servicing, LP*, 164 So. 3d 9, 11 (Fla. 2d DCA 2015) (reversing attorneys' fees award where the record did not reflect any agreement to a flat attorneys' fee and where there was no other competent, substantial evidence to support the fee award).

Second, the attorneys' fees award violated Ms. Page's due process rights. The trial court granted fees to BOA without the promised posttrial evidentiary hearing. *See Massey v. Charlotte County*, 842 So. 2d

3

142, 146 (Fla. 2d DCA 2003) ("Procedural due process requires both fair notice and a real opportunity to be heard 'at a meaningful time and in a meaningful manner.' " (quoting *Keys Citizens for Responsible Gov't, Inc. v. Fla. Keys Aqueduct Auth.*, 795 So. 2d 940, 948 (Fla. 2001))).  The trial court deprived Ms. Page of her ability to challenge BOA's fee request.  *See Bayview Loan Servicing, LLC v. Dzidzovic*, 249 So. 3d 1265, 1267 (Fla. 2d DCA 2018) ("Due process mandates that in any judicial proceeding, the litigants must be afforded the basic elements of notice and opportunity to be heard." (quoting *E.I. DuPont De Nemours & Co. v. Lambert*, 654 So. 2d 226, 228 (Fla. 2d DCA 1995))); *see also Soto v. Carrollwood Vill. Phase III Homeowners Ass'n*, 326 So. 3d 1181, 1185 (Fla. 2d DCA 2021) ("[T]he circuit court failed to conduct an evidentiary hearing on the amount of fees. . . .  Without a stipulation or waiver, the trial court was required to take evidence before making a fee award.").

## Conclusion

We reverse the portion of the final judgment awarding attorneys' fees to BOA.  We remand for the trial court to conduct an evidentiary hearing on this contested issue.

Affirmed, in part; reversed, in part, and remanded.


KELLY and LABRIT, JJ., Concur.

—————————————————

Opinion subject to revision prior to official publication.